**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Claude Doranzil, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil No. 26-894 |
| v. | ) | |
| | ) | |
| US ICE, et. al., | ) | |
| Respondents. | ) | |

## OPINION

Pending before the court is a pro se motion filed by petitioner Claude Doranzil ("Petitioner" or "Doranzil")to enforce the court's order[1] that Petitioner receive an individualized bond hearing, with attachments (ECF No. 11). The government filed a response in opposition to the motion (ECF No. 16) and a supplemental response which attached a transcript of the hearing (ECF No. 17). The motion is ripe for decision.

In the motion to enforce, Petitioner, a citizen of Haiti, admits that he received a bond hearing, but argues that the hearing did not result in an individualized determination and failed to comply with the court's June 2, 2026 order. In essence, Petitioner argues that the immigration judge made up her mind that Petitioner was a flight risk because he was subject to a removal order and refused to consider his alternative arguments. Petitioner asserts that his detention is unduly prolonged because he is not a flight risk or danger to the community and he appealed the removal order. Respondents submitted a transcript of the bond hearing, which the court reviewed (ECF No. 17).

---

[1] The court issued an opinion, order and judgment on June 2, 2026, which granted in part the habeas petition (ECF No. 1), and directed a bond hearing to be held within 10 days of its order (ECF Nos. 6, 7, 8). Respondents filed a notice that a bond hearing was held on June 11, 2026 (ECF No. 10).

Respondents argue the motion to enforce should be denied.  They contend: (1) Doranzil should have appealed the adverse bond decision by the immigration judge to the Board of Immigration Appeals; and (2) the record confirms that he had a bond hearing that was fundamentally fair and satisfies due process.

Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing.").

The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78. This court's review of the bond hearing is limited to considering whether the hearing was fundamentally fair under *Ghanem.*

The court reviewed the unofficial transcript of the June 11, 2026 bond hearing.  The record reflects that Petitioner did not have prior notice of the hearing and was not represented by counsel, but ultimately decided to go forward with the hearing.  A Creole interpreter was

2

provided and Doranzil made arguments on his own behalf.[2] The government attorney opposed bond on the basis of flight risk because Petitioner was subject to a removal order, had no close relatives in the United States, and was not employed or paying taxes.

The immigration judge agreed with the government's arguments. The immigration judge found that Doranzil recently entered the United States, had no family ties or work history, and he was ordered removed after a full merits hearing denying his request for asylum. The immigration judge concluded Doranzil did not have a viable path to remain in the United States and that no amount of bond would prevent him being a flight risk. (ECF No. 17-1).

After reviewing the record, the court concludes the immigration judge made an individualized determination. The immigration judge provided an oral explanation for the decision on the record, which enabled this court to meaningfully review the decision. The decision was based on flight risk. The immigration judge noted that Petitioner has been in the United States for a short time, Petitioner had no close family members in the United States (other than a brother-in-law), he was not employed and he had been ordered to be removed. The immigration judge determined that the lack of any incentive to appear for his removal could not be mitigated by a bond.

Those are individualized circumstances, which the immigration judge considered. The immigration judge was not convinced by Doranzil's arguments concerning flight risk. Petitioner or this court may disagree with the immigration judge's decision, but that disagreement is not sufficient to show the hearing was fundamentally unfair. This court lacks jurisdiction to overturn the immigration judge's discretionary determination. *Habibi v. Barr*, 445 F. Supp.3d 990, 997

---

[2] Whether to permit testimony is a discretionary decision for the immigration judge. *See Jeddou v. Warden of Delaney Hall Det. Ctr.*, No. 2:26-CV-01203, 2026 WL 1005052, at *2 (D.N.J. Apr. 14, 2026) (denying habeas petition based on argument that immigration judge deprived Petitioner of an opportunity to testify).

(S. D. Cal. 2020) (court lacks jurisdiction to review immigration judge's discretionary determination about flight risk).

In sum, the bond hearing had each of the essential elements of a fundamentally fair bond hearing and complied with Petitioner's due process rights. Under those circumstances, any other arguments are beyond the scope of this court's review.[3] *See Ghanem*, 2022 WL 574624 at *2.

Conclusion

Because Petitioner received an individualized bond hearing, the motion to enforce court order (ECF No. 11) will be denied.

An appropriate order follows.

Dated: July 23, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge

---

[3] Doranzil's argument that the length of his detention has become unreasonable, *see Zadvydas v. Davis*, 533 U.S. 678 (2001), is not within the scope of a motion to enforce the court's order that he receive an individualized bond hearing.