**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Claude Doranzil, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil No. 26-894 |
| v. | ) | |
| | ) | |
| US ICE, et. al., | ) | |
| Respondents. | ) | |

# MEMORANDUM OPINION

Pending before the court is a pro se Motion to Cure Deficiencies on the Proceeding (ECF No. 21), with an attached exhibit, filed by petitioner Claude Doranzil ("Doranzil"). The government filed a response in opposition to the motion (ECF No. 23) and it is ripe for decision.

The court issued an opinion, order and judgment on June 2, 2026, which granted in part the habeas petition (ECF No. 1), and directed a bond hearing to be held within 10 days of its order (ECF Nos. 6, 7, 8). Respondents filed a notice that a bond hearing was held on June 11, 2026 (ECF No. 10). Doranzil filed a motion to enforce (ECF No. 11) in which he admitted that he received a bond hearing, but argued that the hearing did not result in an individualized determination and failed to comply with the court's June 2, 2026 order. In essence, he argued that the immigration judge made up her mind that Doranzil was a flight risk because he was subject to a removal order and refused to consider his alternative arguments.

On July 23, 2026, the court issued an opinion and order (ECF Nos. 18, 19) denying Doranzil's motion to enforce. The court explained:

> After reviewing the record, the court concludes the immigration judge made an individualized determination. The immigration judge provided an oral explanation for the decision on the record, which enabled this court to meaningfully review the decision. The decision was based on flight risk. The immigration judge noted that Petitioner has been in the United States for a short

> time, Petitioner had no close family members in the United States (other than a brother-in-law), he was not employed and he had been ordered to be removed. The immigration judge determined that the lack of any incentive to appear for his removal could not be mitigated by a bond.
>
> Those are individualized circumstances, which the immigration judge considered. The immigration judge was not convinced by Doranzil's arguments concerning flight risk. Petitioner or this court may disagree with the immigration judge's decision, but that disagreement is not sufficient to show the hearing was fundamentally unfair. This court lacks jurisdiction to overturn the immigration judge's discretionary determination. *Habibi v. Barr*, 445 F. Supp.3d 990, 997 (S. D. Cal. 2020) (court lacks jurisdiction to review immigration judge's discretionary determination about flight risk).
>
> In sum, the bond hearing had each of the essential elements of a fundamentally fair bond hearing and complied with Petitioner's due process rights. Under those circumstances, any other arguments are beyond the scope of this court's review.[1] *See Ghanem*, 2022 WL 574624 at *2.

ECF No. 18 at 3-4.

In the pending motion, Doranzil renews his argument that he is not a flight risk (ECF No. 21). He attached numerous letters of support attesting to his character and integrity (ECF No. 21-1). The court will construe the "motion to cure deficiencies on the proceeding" as a motion for reconsideration of its opinion and order dated July 23, 2026 (ECF Nos. 18, 19).[2] The court notes that Respondents also construed the pending motion as seeking reconsideration of the July 23, 2026 decision.

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration must rely on one of three grounds: (1) an

---

[1] Doranzil's argument that the length of his detention has become unreasonable, *see Zadvydas v. Davis*, 533 U.S. 678 (2001), is not within the scope of a motion to enforce the court's order that he receive an individualized bond hearing.

[2] This case (Civ. No. 26-894) is closed. To the extent that Doranzil intends to argue that his prolonged detention has become unconstitutional based on the *German Santos* factors, he must file a new habeas petition.

intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or fact or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should not be used to ask a district court to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F. Supp.2d 236, 238 (W.D. Pa. 1998).

Motions for reconsideration do not provide litigants with a second bite at the apple. As explained in *Reich v. Compton*: "Motions for reconsideration should not relitigate issues already resolved by the court and should not be used 'to put forward additional arguments which [the movant] could have made but neglected to make before judgment.'" *Reich*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995) (quoting *Dodge v. Susquehanna Univ*., 796 F. Supp. 829, 830 (M.D. Pa. 1992)); *see Rottmund v. Continental Assurance Co*., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992) ("Because of the interest in finality, however, courts should grant motions for reconsideration sparingly.").

Doranzil did not point to an intervening change in the law, the availability of new evidence or the need to correct clear error of law or fact or prevent manifest injustice. Instead, he appears to again contest the discretionary decision of the immigration judge that he poses a flight risk. The court adheres to its determination that Doranzil received a fundamentally fair bond hearing.

In accordance with the foregoing discussion, Doranzil's motion for reconsideration (ECF No. 21) will be DENIED. An appropriate order follows.

Dated: October 7, 2026

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge